805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abner HINES, Petitioner-Appellant,
v.
Robert REDMAN, Respondent-Appellee.
 No. 85-1651.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1986.
 
 Before JONES, MILBURN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner appeals the district court's denial of his habeas corpus petition. We affirm the denial of the petition.
 
 
 2
 The petitioner, Abner Hines, was convicted of felony murder and conspiracy to commit armed robbery on January 9, 1975. He was sentenced to two concurrent terms of life imprisonment. Hines' conviction arose out of the events of February 18, 1974, when five people robbed a liquor store in Detroit, Michigan. During the robbery, one of the five robbers shot and killed the store manager. Eyewitnesses positively identified Hines at trial as one of the five robbers.
 
 
 3
 Hines appealed his conviction, and on July 22, 1976, the Michigan Court of Appeals affirmed the conviction. On January 19, 1977, the Michigan Supreme Court denied leave to appeal. On January 16, 1979, after a second appeal, the Michigan Court of Appeals once again affirmed Hines' conviction. On April 20, 1979, the Michigan Supreme Court once again denied leave to appeal. Thereafter, Hines filed a petition for a writ of habeas corpus in the district court for the Eastern District of Michigan. The district court denied the petition on October 14, 1981. That denial was affirmed by this Court on August 13, 1982.
 
 
 4
 On November 9, 1984, Hines filed a second petition for a writ of habeas corpus with the district court for the Eastern District of Michigan. Hines' second petition alleged that the trial court deprived him of a fair trial by 1) disparaging and hurrying his counsel in front of the jury and 2) telling the jury in the jury instructions that the facts of the case showed that he was guilty. The district court judge considered the petition and on July 26, 1985, issued a Memorandum Opinion and Order denying the petition. Hines now appeals the district court's denial of his petition.
 
 A.
 
 5
 On appeal, Hines claims that he was deprived of a fair trial because the trial judge, Judge Del Rio, disparaged and hurried his defense counsel in front of the jury. Hines cites three instances where the judge supposedly disparaged and hurried his defense counsel. The first was when the judge asked the defense counsel if the report he was referring to was one he had objected to previously. The second was when the judge accused the defense counsel of "playing semantics" during the testimony of a witness. The final instance was when the judge asked the defense counsel whether he had any witnesses for the defense. After the counsel answered yes, the judge told the jury he would be sure that the case would be finished on that day, and for them to make arrangements to stay late.
 
 
 6
 Hines claims that this alleged display of lack of impartiality denied him due process of law. The district court judge considered this claim, and in his opinion noted that during Hines' trial, the trial judge had also "disparaged" the prosecuting attorney by making several uncomplimentary remarks about her. Jt.App. at 10. The judge concluded that "[a]lthough some of Judge Del Rio's comments may have been ill-advised, this Court does not find that Petitioner was deprived of a fair trial.... Judge Del Rio did not unfairly single out Petitioner's trial counsel ... His remarks can hardly be construed as showing favor toward the prosecution." Id. at 11.
 
 
 7
 A review of the record indicates that the district court reached the proper conclusion. Hines is claiming that the trial judge was biased against him. In order to sustain such a claim as a ground for habeas corpus relief, "a petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his personal opinion and impressed the jury as more than an impartial observer." Brinlee v. Crisp, 608 F.2d 839, 852-53 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980).
 
 
 8
 Hines fails to do this. A review of the record indicates that the trial judge treated both the prosecuting and defense attorneys in an uncomplimentary fashion. While such behavior should not be condoned, the fact that it was directed at both sides indicates that the trial judge did not display bias against either side. Hines counters that "two wrongs don't make a right." This is true, but the inquiry here is whether Hines was denied a fair trial. One way of proving that the trial wasn't fair is to establish that the trial judge was biased against one side. The fact that both attorneys were treated in the same fashion undermines Hines' claim of bias. Therefore, we conclude that the trial judge's remarks did not deny Hines a fair trial.
 
 B.
 
 9
 Hines next claims that the instructions given to the jury by the trial judge deprived him of a fair trial. At one point in his instructions the trial judge stated: "The facts in this case shows [sic] that the defendants are guilty of both counts." Jt.App. at 133. Hines argues that this statement can be interpreted as directing the jury to return a verdict of guilty. Taken out of context, this statement is clearly suspect. However, when the entire instruction is read, it becomes obvious that the judge was not expressing his own opinion, but merely setting out the prosecution's theory of the case. Prior to giving the prosecution's theory, the judge clearly stated that "the people's theory of the case is ..." Id. at 132. At the conclusion of setting out the theory, the judge noted that "[t]he people must prove every element composing this charge beyond a reasonable doubt, before you may convict this defendant." Id. at 133. This conclusion is further supported by the fact that petitioner's trial counsel did not object to the trial judge's instructions.
 
 
 10
 While the jury instructions may have been inartfully given, when read in context, it can't be said that they violated the defendant's right to a fair trial. The trial judge's method of instructing the jury did not rise to the level of a constitutional violation.
 
 
 11
 Therefore, the district court's denial of the petition is AFFIRMED.